NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LLOYD A. WEBSTER JR., M.D.,<br><br>*Plaintiff,*<br><br>v.<br><br>RUTGERS-NEW JERSEY MEDICAL SCHOOL, DR. ROBERT L. BARCHI, DR. ROBERT L. JOHNSON and JOHN and JANE DOES NO. 1-10,<br><br>*Defendants.* | Civil Action No. 15-08689<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

## I. INTRODUCTION

This matter comes before the Court by way of the above-captioned Defendants' partial motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] D.E. 33. The Court reviewed all submissions made in support and opposition,[2] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Defendants' motion is granted.

## II. FACTS AND PROCEDURAL HISTORY

---

[1] Also pending before the Court is Defendants' motion for summary judgment, which is addressed in a separate opinion filed on the same day as this Opinion.

[2] Defendants' brief in support of its motion (D.E. 33) will be referred to as "Def. Br." Plaintiff's brief in opposition (D.E. 36) will be called "Pl. Opp." Defendants' reply brief (D.E. 39) will be referred to as "Def. Rep."

Plaintiff matriculated to Rutgers New Jersey Medical School ("NJMS" or the "School") in August 2007. Third Amended Complaint ("TAC") ¶ 1 (D.E. 32). In May 2009, "personal matters" required Plaintiff to ask for a leave of absence from NJMS, which the School approved. *Id.* Plaintiff's leave of absence continued until May 2010. *Id.* ¶¶ 2, 7. At that time, Plaintiff was scheduled to sit for the United States Medical Licensing Examination ("USMLE") Step-1. *Id.* ¶ 7. Plaintiff "had all intentions" to sit for the USMLE, but a few days prior to the exam his grandmother fell ill and ultimately passed away. *Id.* Plaintiff states that he informed the NJMS administration that he was unable to sit for the exam due to his grandmother's illness and eventual passing, but that the administration nonetheless found it necessary to reprimand him with a "letter of professionalism" (the "Professionalism Form"). *Id.* The Professionalism Form indicated that Plaintiff "could not be relied upon to complete assigned task[s] by the given deadline." *Id.* ¶ 8.

If a student receives two or more Professionalism Forms during the third and/or fourth years of medical school, then the letters are included in the student's Medical Student Performance Evaluation ("MSPE"). *Id.* ¶ 33. "An MSPE is a customized letter for each NJMS student that is prepared and filed as a mandatory and integral component of the national medical residency 'match' program." Def. Br. at 1.

After receiving the Professionalism Form, Plaintiff took additional time off from school due to "ongoing personal matters." TAC ¶ 9. Eventually, Plaintiff returned to school and took the USMLE Step-1 on April 30, 2012. *Id.* ¶ 11. In June 2012, Plaintiff began his first clinical clerkship with the "Department of Surgery." *Id.* ¶ 12. Plaintiff, however, was deregistered from his clerkship for failing to comply with the School's immunization requirements. *Id.* As a result,

NJMS issued Plaintiff a second Professionalism Form indicating that he "could not be relied upon to complete assigned tasks by a given deadline."[3] *Id.* ¶ 13.

Plaintiff filed an eleven-count Complaint alleging the following causes of action: (1) gross negligence/willful or wanton misconduct, (2) false promise, (3) breach of contract/breach of implied in fact contract, (4) breach of implied covenant of good faith and fair dealing, (5) unjust enrichment, (6) violation of due process, (7) false light, (8) civil conspiracy, (9) negligent infliction of emotional distress, (10) intentional infliction of emotional distress, and (11) tortious interference with a prospective business relation. Defendant filed a partial motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

### III. LAW AND ANALYSIS

#### A. Standard of Review

According to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should dismiss a complaint when it fails "to state a claim upon which relief can be granted." In analyzing a motion to dismiss under Rule 12(b)(6) the court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir.2002). In addition to the complaint, the court may also consider any exhibits attached thereto. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (noting that when deciding a motion to dismiss, courts generally consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record").

---

[3] Plaintiff pleads many additional facts surrounding the circumstances of receiving the Professionalism Forms and his actions taken to contest them. Those facts are not necessary to the disposition of the current motion, so they are not recounted here.

3

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether a complaint is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. While not a "probability requirement," plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015). Additionally, a court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).[4]

---

[4] Defendants also move under Fed. R. Civ. Pro. 12(b)(1) arguing that a "plaintiff's failure to comply with the TCA's notice requirements divests a court of subject matter jurisdiction to entertain claims subject to the TCA." Def. Br. at 6. The cases cited by Defendants, however, do not directly support this proposition. The Court's own research indicates that courts within this circuit have analyzed a plaintiff's alleged failure to comply with the TCA's procedural requirements pursuant to both Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6). *Compare Gaston v. New Jersey*, 298 F. App'x 165, 167–68 (3d Cir. 2008) (affirming district court's dismissal of state law tort claims under Rule 12(b)(6) for non-compliance with New Jersey's TCA notice requirements); *Marjac, LLC v. Trenk*, No. 06-1440, 2006 WL 3751395, at *12 (D.N.J. Dec. 19, 2006) (analyzing whether plaintiff complied with TCA notice requirements under Rule 12(b)(6)); *with King v. Port Auth.*, 909 F. Supp. 938, 946 (D.N.J. 1995) (analyzing whether court had subject matter jurisdiction when the plaintiff allegedly failed to comply with prerequisites of TCA); *see also CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008) (analyzing under Rule 12(b)(1) whether the plaintiff failed to satisfy a condition precedent of the Federal Tort Claims Act). The New Jersey Appellate Division has stated that the filing of notice is an "indispensable jurisdictional prerequisite" under the TCA. *State v. J.R.S.*, 398 N.J. Super. 1, 5 (App. Div. 2008) ("[T]he filing of a tort claims notice under N.J.S.A. 59:8-8 is an indispensable jurisdictional prerequisite to the prosecution of common law tort claims against a public entity . . . ."). Whether the Court analyzes

4

## B. Tort Claims Act

Defendants argue that Plaintiff failed to comply with the notice requirements of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq.*, (the "TCA"), thus requiring dismissal of Counts One, Seven, Eight, Nine, Ten, and Eleven. Def. Br. at 7-8. Plaintiff concedes that he did not comply with the TCA, but maintains that NJMS is not a "state agency" and that Drs. Barchi and Johnson are not state employees. Pl. Opp. at 4. Therefore, Plaintiff contends the TCA does not apply. *Id.* The Court finds Plaintiff's argument unpersuasive and concludes that Plaintiff's non-compliance with the TCA requires dismissal of his tort claims.

A party that asserts a tort claim seeking damages from a public entity or public employee must comply with the TCA, which "establishes the procedures by which [such] claims may be brought." *D.D. v. Univ. of Med. & Dentistry of N.J.*, 213 N.J. 130, 146 (2013) (quoting *Beauchamp v. Amedio*, 164 N.J. 111, 116 (2000)). One such procedure "is the requirement that a timely pre-suit notification about the existence of the claim and its particulars be provided to the defendants." *Id.* N.J.S.A. 59:8-8 requires that within ninety days of the claim's accrual, an individual must file a "notice of claim" with the entity involved in the alleged wrongful act or the state Attorney General. In addition, "[t]he claimant shall be forever barred from recovering against a public entity or public employee if . . . [t]he claimant failed to file with the public entity within 90 days of accrual of the claim except as otherwise provided in N.J.S.A. 59:8-9." N.J.S.A. 59:8-8. N.J.S.A. 59:8-9 provides that within one year after the claim has accrued, a judge may allow a claimant to file a late notice of claim if doing so would not cause substantial prejudice to the defendant and if the untimeliness was due to "extraordinary circumstances." N.J.S.A. 59:8-9. However, after two

---

the motion pursuant to subsection (b)(1) or (b)(6), however, Plaintiff's non-compliance with the TCA requires dismissal of his tort claims.

years have elapsed from the accrual of the claim, a plaintiff is "forever barred" from recovering against the public entity or employee. N.J.S.A. 59:8-8(b). These timing requirements are strictly construed, and a plaintiff who fails to comply is barred from recovering on his claims. *Niblack v. SCO Malbreen*, No. 15-5298, 2016 WL 1628881, at *3 (D.N.J. Apr. 25, 2016). Moreover, "[f]ailure to file a notice of claim is a ground for dismissal at the motion to dismiss stage." *Id.* (citing *William v. Westampton Police Dep't*, No. L-1144-13, 2014 WL 5393184, at *3 (N.J. App. Div. Oct. 24, 2014)).

Here, it is undisputed that Plaintiff did not provide notice as required by the TCA. At the latest, Plaintiff's claims accrued on May 18, 2014, which is when Plaintiff graduated from NJMS. Plaintiff neither alleges nor provides any proof that he filed a notice of claim with any Defendant within ninety days of graduating, or anytime thereafter. Indeed, Plaintiff candidly admits that "he failed to comply with the notice provisions set forth in the [TCA]." Pl. Opp. at 4. Because more than two years have passed since the accrual of Plaintiff's claims, Plaintiff's tort claims are "forever barred" if Defendants are entities or persons to whom the TCA applies. *See* N.J.S.A. 59:8-8(b).

Plaintiff's argues that NJMS is not a "state agency" and Drs. Barchi and Johnson are not state employees as defined by the Administrative Procedure Act, N.J.S.A. 52:14B-1-24. However, the definition of "state agency" under the Administrative Procedure Act is inapposite. Instead, the TCA controls. The TCA provides its own definition of "public entity" and "public employee," which Defendants fit into squarely. *See* N.J.S.A. 59:1-3. "Public entity" means "the State, and any county, municipality, district, public authority, public agency, and any other political subdivision or public body in the State." *Id.* "Public employee" is defined, in part, as "an employee of a public entity." *Id.* "State" is defined, in part, as "the State and any office,

department, division, bureau, board, commission or agency of the State, but shall not include any such entity which is statutorily authorized to sue and be sued." Notably, the comment to N.J.S.A. 59:1-3 explicitly states that the definition of "public entity" is intended to include "Rutgers the State University." *Id.* cmt. *See also Willis v. Ashby*, 353 N.J. Super. 104, 107 (App. Div. 2002) (stating that there is "no dispute" that the University of Medicine and Dentistry of New Jersey -- an entity that merged with Rutgers University -- was a "public entity" within the meaning of the TCA); *Sykes v. Rutgers, The State University of New Jersey*, 308 N.J. Super. 265 (App. Div. 1998) (indicating that Rutgers is a public entity covered by the TCA).

As employees of a public entity (*see* TAC at 1), Drs. Barchi and Johnson are public employees as defined by the TCA. Compl. at 1. Therefore, the TCA applies to all Defendants.

Therefore, the TCA applies and Counts One, Seven, Eight, Nine, Ten, and Eleven are dismissed with prejudice. *See Bethea v. Roizman*, No. 11-254, 2012 WL 2500592, at *34 (D.N.J. June 27, 2012) (dismissing state law claims "with prejudice as the Plaintiffs have failed to comply with the notice requirements of the New Jersey Tort Claims Act").

### C. Claims as to Dr. Barchi

Defendants argue that Plaintiff fails to set forth any factual allegations specific to the President of Rutgers University, Dr. Robert L. Barchi. Def. Br. at 8. Therefore, Defendant contends that the Complaint should be dismissed in its entirety as to Dr. Barchi. Plaintiff counters that a decision on this issue should be "tabled until the end of factual discovery" because "it is completely plausible that Dr. Barchi knew or should have known of the actions being carried out against [P]laintiff." Pl. Opp. at 4. The Court agrees with Defendants and concludes that Plaintiff fails to plead a plausible cause of action against Dr. Barchi.

The Complaint is devoid of *any* allegations specific to Dr. Barchi. Indeed, aside from naming Dr. Barchi as a Defendant, his name does not appear in the Complaint. Plaintiff does not even assert possible, much less plausible, claims as to Dr. Barchi. Plaintiff's request for discovery miscomprehends the federal pleading requirements. For that reason, all claims against Dr. Barchi are dismissed. *See Harris v. Soto*, No. 162551, 2016 WL 7391037, at *2 n.2 (D.N.J. Dec. 21, 2016) (dismissing complaint against certain defendants when there were no allegations against them).

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion is granted. Counts One, Seven, Eight, Nine, Ten, and Eleven are dismissed with prejudice. All claims against Dr. Barchi are dismissed with prejudice.[5] An appropriate Order accompanies this Opinion.

Dated: August 4, 2017

_____
John Michael Vazquez, U.S.D.J.

---

[5] As this is the first motion to dismiss filed in this matter, the Court would normally provide Plaintiff with an opportunity to amend his allegations as to Dr. Barchi. The accompanying summary judgment motion, however, is granted in favor of Defendants as to the remaining counts, except procedural due process and breach of contract, which Plaintiff's recovery is limited to nominal damages. Therefore, Plaintiff is not granted leave to amend the TAC.